HISYLVANIA COAL CO. v. HASKINS.

Ohio Appeals, 4th Dist., Athens Co.

Decided Feb. 24, 1928.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

**225. CHARGE OF COURT.**
Use of words "likely to result" instead of words "reasonably certain to result" held not to warrant reversal.

**753. MEASURE OF DAMAGES.**
Not necessary for witness or witnesses to fix value before and after injury. Duty of jury to find such value from all testimony adduced.

**480. EVIDENCE.**
In action for damages for failure of vertical support, due to mining operations, testimony tending to show operations beneath other property, properly admitted.

Error to Common Pleas.
Judgment affirmed.

A. B. Wells, Athens, for Coal Co.
Woolley & Rowlands, Athens, for Haskins.
STATEMENT OF FACTS.

Clyde Haskins, by an amended petition, pleaded his ownership of the surface of about twenty acres of land in Athens County, the coal underlying which was owned by The Hisylvania Coal Co. He charged that the surface, owned by him, had subsided owing to the fact that the defendant had mined and removed the underlying coal and had failed to leave sufficient supports for the strata overlying that coal. The defendant, after making some unimportant admissions, denied generally. The verdict was in favor of the plaintiff in the sum of $4,000. This proceeding is to reverse the judgment entered thereon.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

MAUCK, J.

Complaint is made that, in instructing the jury, the trial court authorized the jury "to take into consideration the injury to the buildings, green house, the residence, out houses, spring, well and the surface of the ground itself, and what are the damages likely to result in the future as affecting the market value of the property."

Plaintiff in error urges that, while the court might have instructed the jury to take into consideration such damages as might be reasonably certain to result, in the future, from the injury, the instruction, as given, was erroneous in using the phrase "likely to result." This term was used in an instruction in Missouri and was there held not to be any material variation from the more familiar instruction of reasonable certainty. Holden v. Railway Co. 84, S. W. 133, followed and approved in 105 S. W. 767. In any event the instruction, even tho too liberal for the plaintiff, would not warrant a reversal in this case inasmuch as the defendant's own testimony tended to show that the future damages that will accrue to this property are not only reasonably certain but probably inevitable.

The verdict of the jury was in the sum of $4,000 and it is urged that the testimony did not warrant that finding. Indeed, it is urged that none of the witnesses testified precisely to the difference in the value of the property before and after the injury so that the jury could intelligently arrive at the amount in which the plaintiff ought to have been compensated. The plaintiff in error's position seems to be that some one witness or witnesses ought to have fixed the value before and after the injury. This position is not tenable. It is true that the jury was required to find the value of the property before the damages were sustained and the damages thereafter, but they were not limited, in their finding, to the opinion of particular witnesses. It was their duty to find the value before the injury, from all the testimony adduced, and it was their duty to find the value of the property, after the subsidence, from all the testimony adduced, and to conform their verdict to such findings.

Complaint is also made that the court admitted testimony tending to show the character of the mining operations of the defendant under other lands than those of the plaintiff. There was nothing prejudicial in this because the jury, by the court's instructions, were confined to a consideration of the damages resulting from the operations beneath plaintiff's property. Moreover, there was nothing erroneous in the admission of such testimony. The defendant, properly enough, was permitted to offer testimony tending to show the operations beneath the other property for the purpose of showing that the operations on such other property resulted in the injuries of which the plaintiff complained and that such injuries were, consequently, due to a failure of horizontal support and not to a failure of that vertical support which the defendant owed the plaintiff. The defendant having gone into that

(Continued on Page 180)

# PUBLISHER'S COLUMN

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio under the Act of March 3, 1879.

Issued Every Saturday       50 Weeks of the Year

### SUBSCRIPTION PRICES AND TERMS

Weekly Edition, One Year (50 issues) Payable in
Advance ............................................ $15.00

Discount for advance payment $3.00, making the
net price ..................................... 12.00

Including Quarterly Digest, to paid subscribers,
no extra charge.

Including Binding of Weekly Parts at end of year,
if paid in advance, net........................ 13.50

Including One Annual Digest, at end of year, and
binding of weekly parts, paid in advance, net.. 16.00

Including Cinque Digest and Year's Subscription..$18.00

Single Numbers ............................... .25

Receiving Abstract after expiration date, considered as
authorized continuation of subscription.

### THE LAW ABSTRACT COMPANY

Office, Editorial Rooms and Library, 13916 Euclid Ave.
Cleveland, O.

### STAFF

Sam H. Torrey.....................Circulation Manager

Jay F. Laning........................Business Director

Sheldon R. Laning...................Editorial Director

## THE ABSTRACT'S REPORTING SYSTEM.

About six months ago, the Abstract made a rather radical change in its system of reporting cases. The purpose of this change was to try to make each case an authority, which would be received without question when cited in any court.

The way that this change is looked upon by at least one Ohio Court, is indicated by the following paragraph from a letter which has come to us, unsolicited, from the Honorable Roy H. Williams, Judge of the Court of Appeals for the Sixth Appellate District of Ohio.

"I desire to commend you in the publication of the Abstract since opinions are being published verbatim. I think I can say that all of the members of our court like this plan much better."

The Abstract is always glad to receive the suggestions of its readers, and is asking all those who read this article to consider it a special request to submit, at this time, their views on the question of what is the best system to use in publishing these cases.

## RULES OF PRACTICE
## OHIO SUPREME COURT
### New Edition Ready

The Abstract is pleased to announce that a new edition of Supreme Court Rules of Practice is now ready for distribution. To secure a copy of this new edition, write to Mr. Seba H. Miller, Clerk of Ohio Supreme Court, at Columbus, Ohio, and enclose 2c stamp.

(Continued from Page 179)

feature of the case, there was no reason why the plaintiff should not have been permitted to traverse the same territory for the counter purpose of negativing the probability that his injuries resulted from the operations on the adjacent lands.

The record is free from prejudicial error and the judgment is affirmed.

(Middleton, PJ. and Thomas, J., concur.)